**WARREN TERZIAN LLP**
Thomas D. Warren (CA 160921)
tom.warren@warrenterzian.com
Dan Terzian (CA 283835)
dan.terzian@warrenterzian.com
222 N Pacific Coast Hwy, Ste 2000
El Segundo, CA 90245-5614
Telephone: (213) 410-2620

*Attorneys for Plaintiffs*
*and Proposed Class Counsel*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA YOUNG and SABRINA SKACAN, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>RENEWAL BY ANDERSEN LLC, a Minnesota limited liability company, RIVER CITY WINDOW & DOOR, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:24-cv-01759-DJC-CKD<br><br>Hon. Daniel J. Calabretta<br><br>**STIPULATION AND ORDER TO GRANT PLAINTIFFS LEAVE TO FILE A SURREPLY ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: August 13, 2026<br>Hearing Time: 1:30 p.m.<br>Courtroom: 7 |

1

186443958.1

Plaintiffs Brenda Young and Sabrina Skacan and Defendants Renewal by Andersen and River City Window & Door stipulate that Plaintiffs may file the attached surreply to Defendants' motion to dismiss the first amended complaint. They request a Court order granting this stipulation.

The reasons for this stipulation are:

1.     The defendants' reply brief on the motion to dismiss the first amended complaint raises a new argument. The defendants' motion to dismiss argued that this Court lacks subject matter jurisdiction over all of the plaintiffs' claims, including their individual claims for damages and restitution. But the defendants' reply states that they withdraw their request to dismiss plaintiffs' individual claims for damages and restitution over which they assert the Court has subject matter jurisdiction under CAFA, even if the class and public injunctive relief claims lack subject matter jurisdiction.

2.     Following the reply, the plaintiffs advised that they intend to move ex parte to file the attached two-page surreply to address the new argument. *See McGechie v. Atomos Ltd.*, No. 2:22-cv-01812-DJC-DB, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) (Calabretta, J.) ("Good cause to permit a party to file a sur-reply may exist where the movant raises new arguments in its reply brief" (cleaned up)); *Clark v. County of Tulare,* 755 F. Supp. 2d 1075, 1090 (E.D. Cal. 2010) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers."). As an alternative to ex parte practice, the plaintiffs asked whether the defendants would stipulate to the filing of this surreply.

3.     As an effort to avoid ex parte practice and without conceding anything, the defendants agreed to stipulate that the plaintiffs may file the attached surreply.

Dated: June 11, 2026

**WARREN TERZIAN LLP**

_s/ Thomas Warren_

Thomas D. Warren

*Counsel for Plaintiffs*
*Brenda Young and Sabrina Skacan*

STIPULATION FOR LEAVE TO FILE SURREPLY

186443958.1

Dated: June 11, 2026

**FOX ROTHSCHILD LLP**

_____s/ Steven Moore_____
Steven W. Moore

_Counsel for Defendant_
_Renewal by Andersen LLC_

Dated: June 11, 2026

**DOLL AMIR & ELEY LLP**

_____s/ Hunter Eley_____
Hunter R. Eley

_Counsel for Defendant_
_River City Window & Door, Inc._

# ORDER

For good cause shown, the stipulation is GRANTED. The plaintiffs are granted leave to file the surreply attached to this stipulation.

Dated:  June 12, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

STIPULATION FOR LEAVE TO FILE SURREPLY

**WARREN TERZIAN LLP**

186443958.1