UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA YOUNG, et al., Plaintiffs, v. RENEWAL BY ANDERSEN, LLC, et al., Defendants. | No. 2:24-cv-01759-DJC-CKD <br> <br> ORDER |

Defendants' Motion to Dismiss argues Plaintiffs lack Article III standing both to represent a putative class and to pursue injunctive relief. Though Plaintiffs individually have standing and thus may represent the putative class, Plaintiffs have not alleged facts that satisfy Article III's requirements for seeking prospective relief. Accordingly, Defendants' motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Brenda Young and Sabrina Skacan purchased window replacement products from Defendants. (FAC ¶ 9.) Specifically, Young purchased replacement windows from Defendants in June 2023. (*Id.* ¶ 31.) Defendants' sales representative informed Young she "was receiving a 33% discount off of the project price, that the 33% discount was a special promotion that was only good that day, and that to receive the discount she had to sign the contract that day." (*Id.*) However, according to the

Complaint, Defendants never offered to other consumers the products Young purchased at the "project price before discounts." (*Id.* ¶ 34.) Young alleges that, if she had known the discount she purportedly received was both not time-limited and not a true discount, she would not have purchased these products at this price. (*Id.* ¶ 35.)

Meanwhile, Skacan purchased replacement windows from Defendant in January 2025. (*Id.* ¶ 39.) Skacan asked the sales representative if the sale they offered would continue after the holidays, to which the sales representative responded "that this was the 'biggest sale of the year' and that once Skacan became a client, there would be other sales that would become available to her." (*Id.* ¶ 40.) The contract the parties signed indicated that the "'project price before discounts' was $39,246, that she was receiving a 20% 'Los Angeles' discount off of the project price, an additional 3% 'volume discount,' a 5% 'efficiency discount,' a $250 'national offer' discount, and an additional $300 discount as a 'thank you for your service.'" (*Id.* ¶ 39.) However, like the products purchased by Young, Defendants never offered the products Skacan purchased for sale at the "project price before discounts." (*Id.* ¶ 41.) Skacan similarly alleges that she would not have purchased these products at this price absent the representations made concerning "limited time" offers and "discounts." (*Id.* ¶ 42.)

Plaintiffs bring this action on behalf of themselves and a putative class of "[a]ll California citizens who, within the applicable statute of limitations (the 'Class Period'), purchased from a California Renewal by Andersen retailer (including Renewal by Andersen, LLC) one or more items advertised as being discounted from the regular price and who have not received a refund or credit for their purchase(s)." (*Id.* ¶ 46.)

Though Young initially filed the case in California Superior Court, County of Sacramento, Defendants removed the case to this Court in June 2024. (ECF No. 1.) This Court remanded the case in October 2024 for lack of Article III and equitable jurisdiction. (ECF No. 27 at 19–20.) Defendants appealed that order and the Ninth Circuit remanded in light of a recent decision, which clarified that "district courts are

empowered to remand a removed case to state court for lack of equitable jurisdiction, but only after the removing defendant is given the opportunity to waive the adequate-remedy-at-law issue." (ECF No. 34 at 3 (quoting *Ruiz v. Bradford Exchange, Ltd.*, 153 F.4th 907, 909 (9th Cir. 2025)). Defendants have now done so. (ECF No. 39 at 2; *see also* Am. Resp. (ECF No. 44) at 2.)

In May 2026, Plaintiffs filed the First Amended Complaint ("FAC") (ECF No. 41), which Defendants now move to dismiss. This motion is fully briefed. (Mot. (ECF No. 42); Am. Resp. (ECF No. 44); Am. Reply (ECF No. 45); Sur-Reply (ECF No. 48).) Pursuant to Local Rule 230(g), this motion was submitted without oral argument. (ECF No. 51.)

## LEGAL STANDARD

A party may move to dismiss a complaint for "lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Here, Defendants mount a facial attack on jurisdiction. (Mot. at 7.) In a facial attack under Rule 12(b)(1), "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## DISCUSSION

### I. Standing to Represent the Class

Defendants argue Plaintiffs lack standing to pursue claims on behalf of putative class members whose experiences with Defendants differ from their own. (Mot. at 9.)

Specifically, Defendants highlight that Plaintiffs responded to different representations by sales representatives, received different discounts, purchased products "custom-built for their homes," and that Defendants installed those products in different ways. (*Id.* at 11–12.) Therefore, according to Defendants, Plaintiffs lack standing to represent this class.

The Ninth Circuit previously lacked "controlling authority on whether Plaintiffs have standing for products they did not purchase," *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012), so district courts developed disparate approaches to that question. *Compare Granfield v. NVIDIA Corp.*, No. 3:11-cv-05403-JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("when a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing") *with Miller*, 912 F. Supp. 2d at 870 ("This court . . . considers whether there are substantial similarities in the accused products and whether there are similar misrepresentations across product lines.") *and Golden v. Home Depot, U.S.A, Inc.*, No. 1:18-cv-00033-LJO-JLT, 2018 WL 2441580, at *14 (E.D. Cal. May 31, 2018) (explaining that "[o]ther courts have simply deferred all such determinations until class certification, on the basis that such a dispute is better taken under the lens of typicality or adequacy of representation, rather than standing" (citation omitted)). Defendants urge the Court to employ the "substantial similarity" approach to find that Plaintiffs may not represent this class as their experiences are not sufficiently similar to each other's let alone those of the class they seek to represent. (Mot. at 8.)

However, the Ninth Circuit has since "adopt[ed] the class certification approach." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015).[1] Under that

[1] The Court notes that, in *Cortez v. Post Consumer Brands, LLC*, No. 2:25-cv-02321-DJC-JDP, 2026 WL 657631 (E.D. Cal. Mar. 9, 2026), this Court denied dismissal based on the substantial similarity test. *Id.* at *3. In that case, it was readily apparent that Plaintiffs' claims were substantially similar to those of the putative class based on a common labeling practice. *Id.* To the extent that opinion addressed this issue prematurely and as one of standing, the Court now rejects that approach after a more fulsome review of Ninth Circuit authority.

approach, "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Id.* at 1262 (quoting William B. Rubenstein, Newberg on Class Actions § 2:6 (5th ed. 2011)); *see also Johnson v. Nissan N. Am., Inc.*, No. 22-16644, 2024 WL 4784367, at *2 (9th Cir. Nov. 14, 2024), *cert. denied*, 146 S. Ct. 118 (2025) (explaining that "we apply Rule 23, not Article III standing, to analyze purported dissimilarities between class representatives and unnamed class members"). The Ninth Circuit subsequently applied this approach at different stages, including at the pleading stage, where it found that, because the plaintiff "demonstrated standing to pursue his individual claims, the district court should have deferred consideration of whether he was an adequate class representative until the class certification stage of proceedings." *Nunez v. Saks Inc.*, 771 F. Appx. 401, 402 (9th Cir. 2019); *see also Kirlona v. City and County of San Francisco*, 860 F.3d 1164, 1176 (9th Cir. 2017); *B.K. v. Snyder*, 922 F.3d 957, 966–67 (2019). While the "substantially similar" inquiry is relevant to ascertaining whether Plaintiffs can sufficiently represent a putative class, the questions presented at class certification provide a better mechanism for addressing that question. "Stated differently, representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Melendres*, 784 F.3d at 1262 (quotation omitted).

Here, the Court finds, and Defendants do not dispute, that Plaintiffs have individual standing to pursue their claims, with the exception of Plaintiffs' fourth claim for injunctive relief addressed below. The Court thus defers assessment of whether Plaintiffs experiences were sufficiently similar to that of the putative class to the class certification stage. *See Munoz v. Alorica, Inc.*, No. 25-7359, 2026 WL 2199195, at *1 (9th Cir. July 30, 2026) (holding plaintiffs had standing to represent class even though

they pursued claims about investment options in which they did not invest because any "issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing" (quotation omitted)).

**II. Standing for Injunctive Relief**

Defendants are correct that Plaintiffs lack standing to seek injunctive relief. (*See* Mot. at 13.) To have standing, Plaintiffs must demonstrate that they have suffered: (1) an injury in fact; (2) that is traceable to or caused by the defendants' offensive conduct; and (3) that can likely be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

Because Plaintiffs seek prospective relief (FAC ¶ 90), they must allege more than past exposure to harmful conduct. Instead, to satisfy the injury-in-fact requirement, Plaintiffs must allege either that they suffer from "continuing, present adverse effects," *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quotation omitted), or that future harm is "certainly impending" such that there is a "substantial risk" it will occur. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 n.5 (2013). At the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating each element." *Spokeo*, 578 U.S. at 339 (quotation omitted). The Ninth Circuit has permitted "a previously deceived plaintiff" to sue for injunctive relief where the complaint alleges they "face[] the similar injury of being unable to rely on [defendant's] representations . . . in deciding whether or not [they] should purchase the product in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971–72 (9th Cir. 2018); *see also In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig.*, No. 20-

15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("Without any stated desire to purchase [the product] in the future, [plaintiffs] do not have standing to pursue injunctive relief."). The FAC lacks any such allegation. While Plaintiffs allege Defendants' "false reference pricing scheme is ongoing and continues to cause harm to the general public" (FAC ¶ 87), they do not allege that this scheme continues to harm Plaintiffs nor that Plaintiffs would purchase Defendants' products in the future absent this scheme. (*See generally id.*) Plaintiffs thus lack standing to seek injunctive relief. *See Martinez-Graciano v. JRA Trademark Co., Ltd.*, No. 5:24-cv-02529-JGB-SP, 2025 WL 636711, at *3 (C.D. Cal. Feb. 27, 2025) (holding plaintiff who alleged "she would not have purchased the clothes that caused her past harm" but did "not allege that she plans to purchase from the [defendant's] brand again" lacked the actual and imminent threat of injury required for injunctive relief). As Plaintiffs' fourth cause of action for violation of Cal. Bus. & Prof. Code § 17500 "seeks injunctive relief only" (FAC ¶ 90), this claim is dismissed.

**III. Leave to Amend**

"In general, leave to amend is only denied if it is clear that amendment would be futile and that the deficiencies of the complaint could not be cured by amendment." *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992) (quotation omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that a "district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quotation omitted)). At this stage, it is not clear that amendment of this claim would be futile and, therefore, Plaintiffs are granted leave to amend.

**CONCLUSION**

Because the Court rejects Defendants' argument that Plaintiffs cannot represent the class at this stage, the Court need not address parties' remaining arguments. Defendants' Motion to Dismiss (ECF No. 42) is GRANTED IN PART and DENIED IN PART. Defendants' motion is GRANTED only with respect to Plaintiffs' fourth cause of

action (FAC ¶¶ 84–90). Plaintiffs shall file their Second Amended Complaint within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 - Young24cv01759.mtd